**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                         Criminal Action No. 3:20cr3

QUOTEZ T. PAIR,

      Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT'S MOTION TO DISMISS INDICTMENTS FOR VIOLATIONS OF DEFENDANT'S SPEEDY TRIAL (ECF No. 39) (the "MOTION"). Having considered Pair's undated letter received October 5, 2020 (ECF No. 37), DEFENDANT'S OBJECTION TO TRIAL CONTINUANCE (ECF No. 44), the supporting, opposing, and reply memoranda, the arguments of counsel, and the supplemental briefing, and for the reasons stated below, DEFENDANT'S MOTION TO DISMISS INDICTMENTS FOR VIOLATIONS OF DEFENDANT'S SPEEDY TRIAL (ECF No. 39) will be denied as to the alleged violation of the Speedy Trial Act. In Pair's undated letter received October 5, 2020 (ECF No. 37), DEFENDANT'S REPLY TO GOVERNMENT'S MOTION IN OPPOSITION TO DISMISS INDICTMENT (ECF No. 41), DEFENDANT'S SUPPLEMENTAL BRIEF ON MOTION TO DISMISS INDICTMENTS FOR VIOLATIONS OF DEFENDANT'S RIGHT TO A SPEEDY TRIAL (ECF No. 66), and DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION OF MOTION TO DISMISS FOR VIOLATIONS OF DEFENDANT'S

SPEEDY TRIAL RIGHT (ECF No. 76), Pair asserts that his Sixth Amendment right to a speedy trial has been denied. That issue will be addressed in another Memorandum Opinion.

**BACKGROUND**

Unforeseeable and unfortunate circumstances have kept defendant Quotez T. Pair awaiting trial for more than a year. Pair was indicted on January 21, 2020 on two counts of distributing fentanyl.[1] ECF No. 1. He was arrested on January 30 and made his initial appearance the next day. ECF Nos. 5 & 6. On February 5, he was arraigned and ordered detained. ECF Nos. 9 & 10.

Pair's trial was originally scheduled for April 6. Then the COVID-19 pandemic struck. Citing the pandemic and the declared state of emergency in Virginia, Chief Judge Mark Davis issued a General Order on March 13 continuing all jury trials scheduled in the Eastern District of Virginia from March 16 to April 17 and excluding those days from speedy trial calculations. General Order 2020-02 at 3, No. 2:20mc7, ECF No. 2. In four further General Orders, the Court extended these continuances and the exclusion of time from speedy trial calculations through September 13.[2] See General Order 2020-07 at 7, No. 2:20mc7, ECF No. 7 (issued March

---

[1] All dates are in 2020 unless otherwise noted.

[2] The Court also issued General Order 2020-06, No. 2:20mc7, ECF No. 6, on March 23 in which the Court did not further continue trials but rather expounded on General Order 2020-02's ends-of-justice findings.

24 and addressing the period from April 18 through May 1); General Order 2020-12 at 6-7, No. 2:20mc7, ECF No. 12 (issued April 15 and addressing the period from May 2 through June 10); General Order 2020-16 at 15 n.10, No. 2:20mc7, ECF No. 16 (issued May 26 and addressing the period from June 11 through July 6); General Order 2020-19 at 22, No. 2:20mc7, ECF No. 20 (issued June 30 and addressing the period from July 7 through September 13).

In light of General Orders 2020-02, 2020-06, and 2020-07, the Government filed a motion for continuance on March 31, asking the Court to recalculate Pair's speedy trial date as May 27 and reschedule his trial within that period. ECF No. 11. On April 6, the Court granted the Government's motion. ECF No. 12. Having considered the General Orders and the "evolving public health crisis" facing Virginia, the Court issued an order extending Pair's speedy trial date to May 27 and canceling the April 6 trial. Id.

While jury trials were continued in the District, the only pretrial motions filed involved Pair's representation. The Court received a letter motion from Pair on April 22 requesting new counsel, complaining that no motions had been filed on his behalf, and asserting that his rights were being violated. ECF No. 13. This letter motion was followed the next day by his counsel's motion to withdraw. ECF No. 14. On April 29, the Court granted both motions and ordered the clerk to appoint new counsel. ECF No. 15. Pair's new counsel filed a motion to withdraw less than a month

3

later, citing the risk of meeting in-person with Pair during the pandemic. ECF No. 16. The Court granted this motion and ordered the clerk to appoint new counsel. ECF No. 17.

On August 21, the Court received a second letter motion from Pair requesting new counsel, complaining that his counsel had failed to file motions on his behalf, asserting that the Assistant United States Attorney was threatening extra charges if he did not agree to a plea deal, and arguing that his indictment was defective. ECF No. 20. The Court received a similar letter motion on August 24. ECF No. 22. The Court heard both motions on September 3 and denied both the following day. ECF Nos. 27 & 28.

When the District resumed jury trials in September, Pair's trial, rescheduled for September 30, was to be the second held in the Richmond Division since the beginning of the pandemic. See ECF No. 19 (rescheduling trial). But on September 18, Pair's counsel moved for a continuance. ECF No. 31. She informed the Court that, in order to avoid permanent disability, she required urgent surgery that had been scheduled on the day jury selection was to take place – September 29.[3]

---

[3] The Court's July 2 order (ECF No. 19) scheduled Pair's trial to begin on September 30. However, because of the procedures necessary to safely select a jury during the COVID-19 pandemic, the Court dedicated September 29 to jury selection.

The Court acted as quickly as possible to resolve this motion. After conferring with the parties in a series of conference calls on September 21, the Court heard the motion on September 22. After ascertaining from Pair that he preferred to proceed with new counsel rather than to wait for his then-current counsel to recover from surgery, Tr. 2:21-22, 3:14-20, ECF No. 55, the Court granted the motion, continuing Pair's trial "until further order of the Court after new counsel is appointed" and directing the clerk to appoint new counsel. ECF No. 34. New counsel was appointed later that day, and after conferring with the parties on September 24, the Court issued an order continuing Pair's trial until December 7 to allow new counsel time for adequate preparation. ECF No. 36.

Shortly thereafter, on October 5, the Court received a letter from Pair complaining that his right to a speedy trial was being violated. ECF No. 37. The Court ordered counsel to discuss the letter with Pair and to file any appropriate motions. ECF No. 38. Counsel filed the MOTION on October 21. ECF No. 39.

Since Pair filed the MOTION, the pandemic has once again necessitated the continuance of jury trials in the District. Citing the rise in COVID-19 cases in the District, the Court issued General Order 2020-22 on November 16, which continued all jury trials in the District and excluded the period from November 16 through January 19, 2021 from speedy trial calculations. General Order 2020-22 at 3-8. The Court provided Pair the opportunity to

object to General Order 2020-22 before hearing the MOTION. ECF No. 43.[4] Pair filed his objection on November 23. ECF No. 44.

On December 9, the Court held an evidentiary hearing on the MOTION. ECF No. 64. At the hearing, the Court ordered supplemental briefing and set Pair's trial for the earliest possible date for jury trials in the District - January 19. ECF No. 65.

However, the rates of COVID-19 cases and hospitalizations in the District continued to rise through December and into January. See General Order 2021-01 at 3-5. On January 8, 2021 the Court issued the latest General Order, which continued all jury trials in the District and excluded the period from January 19, 2021 through February 28, 2021 from speedy trial calculations. General Order 2020-21. After conferring with the parties on the next business day and having considered General Orders 2021-01's findings, the Court issued an order continuing Pair's trial until March 8, 2021.[5] ECF No. 77.

The supplemental briefing on the MOTION concluded on January 11, and the MOTION is now ripe for decision.

---

[4] In this Order, the Court also established a briefing schedule for Pair's pro se Motion to Dismiss the Indictment (ECF No. 42) on the grounds that it is defective (ECF No. 42), which the Court received on November 18.

[5] March 8 was the earliest date possible due to other criminal trials scheduled in the courthouse and defense counsel's availability.

## DISCUSSION

### I. Legal Framework

The Speedy Trial Act requires federal criminal trials to begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the Act recognizes that, under some circumstances "there are valid reasons for greater delay." Zedner v. United States, 547 U.S. 489, 497 (2006). When there is a valid reason for delay, the Act excludes that delay from the speedy trial calculation. Id. Two valid reasons for delay are relevant the speedy trial calculation in this case.

First, § 3161(h)(1) excludes "[a]ny period of delay resulting from other proceedings concerning the defendant." "Other proceedings concerning the defendant" include: (1) the day of the defendant's arraignment, when it occurs after his or her initial appearance, 18 U.S.C. § 3161(h)(1); (2) "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," as well as any period after the hearing while the court awaits post-hearing submissions from the parties, id. § 3161(h)(1)(D); and (3) an additional period "not to exceed thirty days" after post-hearing submissions come in

while the court decides the motion, id. § 3161(h)(1)(H). See United States v. Stoudenmire, 74 F.3d 60, 63 & n.3 (4th Cir. 1996).

Second, § 3161(h)(7)(A) excludes what are commonly called "ends-of-justice" continuances:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

A court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Act lists several factors, "among others" not listed in the Act, for a court to consider when granting an ends-of-justice continuance. Id. § 3161(h)(7)(B). One of the specified factors is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make continuation of such proceeding impossible, or result in a miscarriage of justice." Id. § 3161(h)(7)(B)(i) (emphasis added). Other factors include "whether the case is complex or unusual, whether counsel need additional time to prepare effectively, and whether delay is necessary to ensure continuity of counsel." United States v. Henry, 538 F.3d 300, 303-04 (4th Cir. 2008) (citing

8

§ 3161(h)(8)(B)).[6] The Act prohibits consideration of two factors: "general congestion of the court's calendar" and the prosecution's "lack of diligent preparation or failure to obtain available witnesses." 18 U.S.C. § 3161(h)(7)(C).

If seventy non-excludable days have passed and a defendant's trial has not begun, "the information or indictment shall be dismissed on motion of the defendant." Id. § 3162(a)(2). The defendant bears the burden of proof, except as to delays caused by the unavailability of the defendant or an essential witness. See id.

## II. Analysis

Pair moves to dismiss the indictment on the basis that more than seventy days have passed since his initial appearance on January 31, 2020. He argues that no excludable delay occurred until April 22 when he filed a motion for new counsel, ECF No. 66 at 5, implying that his right to a speedy trial was violated when the government failed to bring him to trial by April 10. Moving chronologically through the procedural history of this case, the Court finds that the Act excludes the following periods of delay

---

[6] Section 3161(h)(8) was renumbered in 2008 to § 3161(h)(7). See Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406 § 13, 122 Stat. 4291, 4294. The Act lists another factor that is only relevant "in a case in which arrest precedes indictment," 18 U.S.C. § 3161(h)(7)(B)(iii); that factor is not relevant here because Pair was indicted before he was arrested.

from the speedy trial calculation in this case: February 5, March 16 through September 22, and September 24 through the present. Because of these exclusions, Pair's right to a speedy trial has not been violated.

**a. February 5, the day of Pair's arraignment, is excluded under § 3161(h)(1).**

Pair's trial clock began on February 1, 2020, the day after he made his initial appearance. See Stoudenmire, 74 F.3d at 63 ("In determining this 70-day period, the day of the event that triggers the [Speedy Trial Act] clock, i.e., the filing or opening of the indictment or the initial appearance, is not included in the calculation; the clock begins to run the following day."). The first excludable delay in the speedy trial calculation occurred on February 5, the day that Pair was arraigned. See id. (holding that the Act excludes the day of a defendant's arraignment if it follows the indictment under § 3161(h)(1)).

**b. March 16 through September 13 is excluded under § 3161(h)(7) pursuant to General Orders 2020-02, 2020-07, 2020-12, 2020-16, and 2020-19.**

The Court's General Orders continuing all jury trials in the Eastern District of Virginia from March 16 through September 13 due to the COVID-19 pandemic – General Orders 2020-02, 2020-07, 2020-12, 2020-16, and 2020-19 – also exclude the same period from speedy trial calculations under § 3161(h)(7). Pair argues that the General Orders do not comply with the Act's requirements for

granting an ends-of-justice continuance under § 3161(h)(7) and therefore do not create periods of excludable delay. The first fault Pairs finds is that the Court did not issue separate orders "incorporating [the General Orders] and making specific findings in which the Court considered Mr. Pair's circumstances." ECF No. 66 at 9. The second fault Pair finds is that the COVID-19 pandemic does not justify ends-of-justice continuances, which are appropriate only when holding trials is impossible. ECF No. 76 at 2.

The Court finds that General Orders 2020-02, 2020-07, 2020-12, 2020-16, and 2020-19 do comply with the Act's requirements for ends-of-justice continuances and therefore create periods of excludable delay under the Act because: (1) the Court need only incorporate the General Orders' findings into the record of this case by the time it decides the MOTION, (2) the Act does not limit the Court to granting ends-of-justice continuances only when holding a trial is impossible; and (3) the Court made specific findings in the General Orders that apply to Pair as they do all criminal defendants in the District.

First, the Court can comply with the Act's requirement that the ends-of-justice findings justifying a continuance be set forth in the record of the case by setting them forth here. The Act requires that these findings be made before or at the time the court grants a continuance. See Zedner, 547 U.S. at 506 ("[T]he

Act is clear that the findings must be made, <u>if only in the judge's mind</u>, before granting the continuance." (emphasis added)); <u>Henry</u>, 538 F.3d at 304 ("[I]t must be 'clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.'" (quoting <u>United States v. Keith</u>, 42 F.3d 234, 237 (4th Cir. 1994))). However, those findings can be <u>entered into the record</u> of the case as late as the court's ruling on the defendant's motion to dismiss. <u>See</u> <u>Zedner</u>, 547 U.S. at 507 ("[T]he Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)."); <u>Henry</u>, 538 F.3d at 304 ("The court is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss . . . .").

Each of the General Orders continuing criminal jury trials in the District contain detailed findings about the effect of the COVID-19 pandemic on the Court's ability to conduct fair and safe jury trials. <u>See</u> General Order 2020-02 at 1-4; General Order 2020-06 at 1-6; General Order 2020-07 at 1-8; General Order 2020-12 at 1-4, 6-7; General Order 2020-16 at 6-12, 14-15 & n.10; General Order 2020-19 at 1-7, 13-23. Based on those findings, the Court concluded that "the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial." General Order 2020-02 at 4; <u>see also</u> General Order 2020-06 at 5-6; General Order 2020-07 at 8; General

Order 2020-12 at 7; General Order 2020-16 at 15 n.10;[7] General Order 2020-19 at 22-23.[8]

Further, the Court issued two case-specific orders, ECF No. 12 and ECF No. 19, that incorporated by reference General Order 2020-02, 2020-06, 2020-07, and 2020-19 (but not 2020-12 or 2020-16).[9] To ensure that the General Orders' finding are clearly set

---

[7] In General Order 2020-16, the Court did not recite the statutory language that the ends of justice served by the continuance outweigh the best interests of the public and each defendant in a speedy trial. Nevertheless, the record shows that Chief Judge Davis did find reach such a conclusion. He refers to "the reasons stated in General Orders 2020-06, 2020-07, and 2020-12" in justifying why the period of June 11 through July 6 is "excluded from the speedy trial calculations for the commencement of trial, pursuant to 18 U.S.C. § 3161(7)(A)." General Order 2020-16 at 15 n.10. Each of General Orders 2020-06, 2020-07, and 2020-12 include this statutory language. See General Order 2020-06 at 5-6; General Order 2020-07 at 8; General Order 2020-12 at 7. Further, General Order 2020-16 refers to § 3161(h)(7)(A), where this language is found in the Act. General Order 2020-16 at 15 n.10.

[8] In General Order 2020-19, the Court did not recite the statutory language that the ends of justice served by the continuance outweigh the best interests of the public and each defendant in a speedy trial. The Court did, however, state that every finding "was made with careful consideration of defendants', and the public's, speedy trial rights" and conclude that "justice is best served by resuming trials no earlier than September 14, 2020." General Order 2020-19 at 22-23. Further, General Order 2020-16 refers to § 3161(h)(7)(A), where this language is found in the Act. Id. at 22. In addition, the Court's July 2 order provides an alternative basis, as discussed below, for excluding the period excluded by General Order 2020-19 (July 7 through September 13).

[9] The Court's July 2 order, ECF No. 19, will be discussed further below. The Court's April 6 order, ECF No. 12, extended Pair's speedy trial date to May 27 and canceled his original trial date. Pair argues that this order does not grant an ends-of-justice continuance for largely the same reasons as he objects to the General Orders. ECF No. 66 at 9-10. Because the period excluded by

forth in the record of this case, the Court now explicitly incorporates by reference the reasons given in General Orders 2020-02, 2020-06, 2020-07, 2020-12, 2020-16, and 2020-19 for finding that the ends of justice served by the continuances granted in the same General Orders outweigh the best interest of the public and the defendant in a speedy trial under § 3161(h)(7)(A). Although the best approach may have been to issue contemporaneous case-specific orders incorporating those findings into the record of this case, see Zedner, 547 U.S. at 507 n.7 ("The best practice, of course, is for a district court to put its finding on the record at or near the time when it grants the continuance."), the Act only requires that the Court incorporate those findings now.

Second, the Court based its conclusions in the General Orders that the ends of justice served by the continuances outweigh the best interest of the public and the defendant in a speedy trial on factors that the Act permits courts to consider. Relying on a misinterpretation of § 3161(h)(7)(B) in United States v. Olsen, No. SACR 17-76, U.S. Dist. LEXIS 193045 (C.D. Cal. Oct. 14, 2020), Pair argues that the decision to grant an ends-of-justice continuance turns on whether proceeding to trial is a "physical and logistical impossibility." ECF No. 76 at 2. However, this

the April 6 order entirely overlaps with the period excluded by the General Orders, the April 6 order will not be discussed in greater detail.

14

argument contradicts the text of the Act. The Act lists several factors, "among others" not listed in the Act, for a court to consider when granting an ends-of-justice continuance. See 18 U.S.C. § 3161(h)(7)(B). "Whether the failure to grant such a continuance in the proceeding would be likely to make continuation of such proceeding impossible" is only one of those factors. See id.

The Court acknowledges that the pandemic has not rendered it physically impossible to hold a trial. In determining that the ends of justice served by the General Orders' continuances outweigh the best interests of the public and the defendant in a speedy trial, however, the Court had to consider whether it is possible to hold a trial in compliance with public health and safety recommendations and whether holding such a trial would be fair to the defendant.

In the early months of the pandemic, the Court found that it would be "impossible to seat a jury . . . while maintaining compliance with the current public health and safety recommendations," including avoiding gatherings of more than ten people and maintaining a six-foot distance from others. General Order 2020-06 at 1, 5. Subsequent General Orders reflect heightened public health and safety recommendations. See General Order 2020-07 at 1-2 (noting the closing of schools and some non-essential businesses in Virginia); General Order 2020-12 at 2 (noting that

Virginia issued a stay-at-home order less than a week after General Order 2020-07 was issued); General Order 2020-16 at 6-7, 10, 14 (noting that Virginia's phased reopening had not begun in various areas in the District).

As public health and safety recommendations began to relax, the Court implemented numerous changes to its physical facilities, the jury selection process, and the trial process to mitigate to the greatest degree possible the risk to all trial participants. See General Order 2020-19 at 7-13, 17-20 (describing these changes and explaining that some changes had "multi-week or multi-month lead times"); see also General Order 2020-16 at 14-15 (noting that the Administrative Office of the U.S. Courts and this Court were working to "develop procedure and 'best practices' to safely conduct a jury trial in the midst of a deadly and contagious pandemic"). Until these measures were in place, the Court found that continuing jury trials struck the appropriate balance between "the health and safety of jurors and prospective jurors, court employees, criminal defendants, counsel, judges, and the public with the Constitutional responsibility to continue federal court operations during the COVID-19 outbreak." General Order 2020-19 at 22-23.

The Court also had to balance defendants' right to a speedy trial with defendants' right to a fair trial: "the Court cannot prioritize speed over the critical steps needed to preserve every

accused defendant's right to a fair trial." General Order 2020-19 at 16. In the General Orders, the Court found that the nature of the COVID-19 pandemic implicated defendants' right to a fair trial. Namely, the Court considered whether during a pandemic, the Court could guarantee defendants a focused jury, an adequate opportunity for counsel to work safely (or at all) with the defendant to prepare a defense, and a jury that represents a cross-section of the community. See General Order 2020-06 at 4 (discussing how a jury could be distracted or "impatient to end the trial in order to promote their well-being and to care for loved ones"); General Order 2020-19 at 13, 15, 20-21 (discussing the need to ensure that jurors are "comfortable with the idea of sitting in an enclosed courtroom, with a group of strangers, for the entire day," the difficulties defense counsel face in communicating with their clients during the pandemic, and the disparate impact of the pandemic in the community and its effect on the availability of childcare for jurors). Given the obstacles to conducting a fair trial during the COVID-19 pandemic, the Court found that continuing jury trials was necessary to avoid a miscarriage of justice. General Order 2020-06 at 4, 6; see also General Order 2020-07 at 7 (incorporating General Order 2020-06's reasoning); General Order 2020-12 at 6 (same); General Order 2020-16 at 10 n.15 (same); General Order 2020-19 at 23 (finding that justice is best served by continuing jury trials).

The Eastern District of Virginia does not stand alone in concluding that the ends of justice served by postponing trials during the COVID-19 public health emergency outweigh the best interests of the public and defendants in a speedy trial: "[c]ourts across the country have reached the same conclusion." United States v. Taylor, No. 18-198, 2020 U.S. Dist. LEXIS 232741, at *18 (D.D.C. Dec. 10, 2020); see id. at *18-*19 (collecting cases); United States v. Reese, No. 19cr149, 2020 U.S. Dist. LEXIS 157035, at *7 (D. Minn. Aug. 28, 2020) ("The ongoing COVID-19 pandemic has resulted in multiple federal district courts excluding time under the Speedy Trial Act based on ends-of-justice findings."). And in the past, courts facing other widespread and unforeseeable emergency circumstances have granted ends-of-justice continuances. See Furlow v. United States, 644 F.2d 764, 768 (9th Cir. 1981) (affirming that the delay caused by the eruption of Mt. St. Helens was excluded from the speedy trial calculation); United States v. Scott, 245 F. App'x 391, 394 (5th Cir. 2007) (affirming that the delay caused by Hurricane Katrina was excluded from the speedy trial calculation); United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding delay caused by 9/11 from the speedy trial calculation); United States v. García-Báez, Criminal No. 16-692, 2019 WL 2553621, at *4 & n.8 (D.P.R. June 20, 2019) (excluding delay caused by Hurricane Maria from the speedy trial calculation);

United States v. Sánchez-Senda, Criminal No. 17-529, 2018 WL 1737615, at *2 (D.P.R. Apr. 9, 2018) (same).

Third, the Court complied with the Act by making specific factual findings that apply to all criminal defendants in the District, including Pair, in support of its conclusion that the ends of justice served by continuances granted in the General Orders outweigh the best interests of the public and the defendants in a speedy trial. Pair argues that the Act requires the Court to make "specific findings in which the Court considered [his] circumstances."[10] ECF No. 66 at 9. In essence, his argument is that the Court cannot make a finding that the ends of justice served by a continuance outweigh the best interest of the public and every defendant in the District in a speedy trial. While the Supreme Court and the Fourth Circuit do not appear to have squarely addressed this issue, other courts facing the challenges of conducting jury trials during the COVID-19 pandemic have found the

---

[10] The citation Pair provides as support for the proposition that the Court must make "case specific findings" or conduct "individualized consideration of Mr. Pair's circumstances," ECF No. 76 at 4 & n.13, does not support this argument. See United States v. MacDonald, 456 U.S. 1, 7 n.7 (1982) (noting only that the Speedy Trial Act was enacted to protect defendants' Sixth Amendment right to a speedy trial and that the Act excludes the period between dismissal of charges and subsequent reinstatement from the speedy trial calculation).

Act does not preclude courts from making district-wide findings continuing all jury trials.[11]

For example, in United States v. Santacruz-Cortes, No. 20-8566MJ-1, 2020 U.S. Dist. LEXIS 120498 (D. Ariz. July 9, 2020), the deadline to indict the defendant under the Speedy Trial Act was June 19, 2020.[12] Id. at *3. On June 17, the court issued a general order postponing grand jury proceedings until further order of the court due to the pandemic, but no motion for continuance was filed or case-specific order entered before June 19. Id. The defendant filed a motion to dismiss the indictment based on a violation of the Speedy Trial Act. Id. at *1. The court denied the defendant's motion. Id. at *5. Although the court agreed that "the General Orders are insufficient by themselves to exclude time in particular cases," id. at *4 (citing Zedner, 547 U.S. at 506-07), it held that the Act's requirements for an ends-of-justice

---

[11] Similarly in Correa, the Southern District of New York granted a district-wide continuance after 9/11. 182 F. Supp. 2d at 327. The District of Puerto Rico similarly appears to have relied on district-wide continuances after Hurricane Maria. See García-Báez, 2019 WL 2553621, at *4 & n.8; Sánchez-Senda, 2018 WL 1737615, at *1-*2.

[12] Under the Speedy Trial Act, the government has 30 days to indict a defendant after arrest or summons. 18 U.S.C. § 3161(b). The exclusions under § 3161(h) apply to § 3161(b) (indictments) as well as § 3161(c) (trials). See id. § 3161(h) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence . . . .").

continuance were met because the court made the appropriate findings in the general order and set forth its finding in the record of the case in its opinion on the defendant's motion to dismiss. See id. at *4-*5.

Similarly, in United States v. Lev, Magistrate No. 17-3195, 2020 U.S. Dist. LEXIS 90534 (D.N.J. May 22, 2020), the court denied the defendant's motion to dismiss based on a violation of the Speedy Trial Act and rejected the argument that standing orders without case-specific findings cannot toll speedy trial clocks. Id. at *1, *8-*10, *12-*13. In rejecting this argument, the court reasoned that "the Standing Orders did make specific findings regarding the COVID-19 pandemic that apply equally to this case and all other criminal cases in this District." Id. at *9; see also United States v. Durbesula, Criminal Case No. 1:20cr90, 2020 U.S. Dist. LEXIS 208637, at *11 (W.D.N.C. Nov. 8, 2020) (holding that the specific findings in the district court's standing order about the effect of the pandemic on "the ability of the Court to provide proper and adequate jurors" applied equally to every defendant and thus, once set forth in the record of the case, were sufficient to toll the speedy trial clock); United States v. Kane, No. MJ20-5054, 2020 U.S. Dist. LEXIS 150304, at *12-*13 (W.D. Wash. June 9, 2020) (concluding that the "argument that the Court must consider individual factors specific to each defendant misstates the standard, which requires the Court to include specific factual

findings, as related to the present circumstances, in its reasoning"); cf. Taylor, 2020 U.S. Dist. LEXIS 232741, at *18-*19 (citing Santacruz-Cortes and Kane approvingly but not reaching the issue of whether the court's standing orders are sufficient "by themselves to toll [the defendant's] speedy trial clock"); United States v. Green, No. 4:20cr1, 2020 U.S. Dist. LEXIS 209814, at *27 (E.D. Va. Nov. 9, 2020) (finding that the General Orders exclude time from the speedy trial calculation);[13] United States v. Dempsey, Civil Action No. DKC 20-2, 2020 U.S. Dist. LEXIS 127306, at *3-*4 (D. Md. July 20, 2020) (same); United States v. Arthur, No. 17cr253, 2020 U.S. Dist. LEXIS 101055, at *16 (D. Md. June 10, 2020) (same); United States v. Jones, No. 5:29cr171, 2020 U.S. Dist. LEXIS 201571, at *8-*10 (N.D. Ohio Oct. 28, 2020) (same). But see Olsen, 2020 U.S. Dist. LEXIS 193045, at *17 (holding that an "'ends of justice' exclusion must be justified with reference

---

[13] Pair argues that Green is distinguishable because the court made specific findings about the jail where the defendant is incarcerated. ECF No. 66 at 11-12. However, the court made those findings when determining whether to continue the defendant's October 6 trial date – a date not excluded by any of the District's General Orders. Green, 2020 U.S. Dist. LEXIS 209814, at *27. Further, Pair argues that the Court should discount cases, like Green, in which it is not clear that the defendant challenged the validity of a general order. The Court agrees that those cases are less persuasive. Nonetheless, those cases are relevant because in order to reach the finding that the general orders exclude time from the speedy trial calculations, each judge had to conclude, implicitly at least, that the general orders complied with the Speedy Trial Act.

to the specific factual circumstances in the particular case as of the time the delay is ordered" (quoting United States v. Ramirez-Cortez, 213 F.3d 1149, 1154 (9th Cir. 2000))); United States v. Smith, 460 F. Supp. 3d 981, 985 (E.D. Cal. 2020) ("[T]he Court cannot find that considerations surrounding COVID-19's impact on public safety and this Court's operations will, in every case, outweigh the best interest of the defendant and the public in a speedy trial.").

Furthermore, the simple fact is that Pair's circumstances and the effect of the pandemic on his case and the convening of a jury a jury to decide it do not differ from the findings made in the General Orders at issue. Pair does not contend otherwise.

The Supreme Court's decision in Zedner does not foreclose district courts from making district-wide findings justifying ends-of-justice continuance. Zedner clarified that the Act only excludes delay from continuances when a court follows the procedure set out in § 3161(h)(7) and that the procedure set out in § 3161(h)(7) requires that a court makes ends-of-justice findings at the time it grants the continuance. See Zedner, 547 U.S. at 506-07. The Supreme Court held that the continuance at issue did not create an exclusion under the Act because the district court did not make ends-of-justice findings at all (the court relied on the defendant's prospective waiver of his rights), id. at 495,

23

507, not because the district court made findings that were not specific to the defendant's circumstances.[14]

Although the responsibility for making the requisite findings for granting an ends-of-justice continuance falls on the Court, the Court does note that Pair did not bring to the Court's attention the individual circumstances he now claims that the Court should have considered until the MOTION. The first General Order continuing jury trials, General Order 2020-02, encourages judges to make "any necessary case-specific assessment and findings" if "any speedy trial motions/challenges associated with the findings in this District-Wide Order" are raised. General Order 2020-02 at 4. Pair made no challenge and filed no motion until more than six months later. In fact, when the government filed a motion to continue on March 31 based on, among other things, the findings of General Orders 2020-02, 2020-06, and 2020-07, defense counsel did not object. ECF No. 11 at 5 ("The United States has advised defense counsel of the filing of this motion and defense counsel has no objection to this motion."). When discussing General Order 2020-19's speedy trial findings with counsel on July 1, the Court

---

[14] Similarly, the Fourth Circuit's decision in Henry was a straightforward application of Zedner: the continuance at issue did not create a period of delay under the Act because the district court relied on the defendants' prospective waiver of their speedy trial rights and did not make any ends-of-justice findings. See 538 F.3d at 304-06.

advised, "[I]f there's some situation that pertains to this case that I have to deal with, you all have to bring it to my attention, and I'll deal with it as a separate motion . . . ." Tr. 2:16-19, ECF No. 67. Pair brought no such situation to the Court's attention.

Pair does not dispute the General Orders' factual findings, argue that the General Orders' findings do not apply in his case, or articulate how his individual circumstances should change the Court's ends-of-justice analysis. Cf. United States v. Merrick, No. 20cr9, 2020 U.S. Dist. LEXIS 120296, at *8 (D.N.H. July 8, 2020) (holding that the district's standing orders excluded time from the defendant's speedy trial calculation when the defendant had not provided "any reason for why the court's findings [in the standing orders] are inapplicable to his individual case, and he has not shown that there are circumstances particular to his case that outweigh the court's speedy trial findings and the continuances"). Therefore, having concluded that the Court made the appropriate ends-of-justice findings when it granted the continuances in the General Orders and having explicitly set forth those findings in the record of this case by reference to the General Orders, the Court finds that the continuances granted in General Order 2020-02, 2020-07, 2020-12, 2020-16, and 2020-19 create an excludable delay under § 3161(h)(7)(A) from March 16 through September 13.

**c. July 2 through September 22 is excluded under § 3161(h)(7) pursuant to the Court's July 2 order.**

The Court's July 2 order excludes the period from September 14 through September 22 from Pair's speedy trial calculation and provides an alternative basis for excluding the period from July 2 through September 13.[15] The July 2 order continued Pair's trial to September 30, 2020 and found "under 18 U.S.C. § 3161(h)(7)(A) and in accordance with General Order 2020-19, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial." ECF No. 19. Having set forth above General Order 2020-19's findings in the record of this case, this ends-of-justice continuance operates to exclude the period from the Court's order through September 22 (when the Court issued a new order (ECF No. 35) continuing Pair's trial).

**d. September 24 through November 19 is excluded under § 3161(h)(7) pursuant to the Court's September 24 order.**

The Court's September 24 order continuing Pair's trial to December 7 excludes the period from September 24 through November 19 (when the Court issued a new order (ECF No. 43) continuing Pair's trial). This order stemmed from defense counsel's September 18 motion to continue the trial because she needed to undergo urgent surgery to avoid permanent disability. After hearing the

---

[15] Pair does not specifically object to the Court's July 2 order, but he did not include the period covered by the order in his accounting of excludable periods under the Act.

motion and appointing new counsel, the Court issued the September 24 order continuing Pair's trial until December 7 to allow new counsel time for adequate preparation, finding that "the interest of justice served by granting the continuance outweighs the interest of the defendant and the public [in] a speedy trial within the time prescribed by 18 U.S.C. § 3161." ECF No. 36.

Pair argues that this period should not be excluded because this continuance was based on his counsel's motion to continue ("rather than one filed for or on behalf of the defendant") and because he did not consent to counsel filing a motion to continue.[16] ECF No. 66 at 12; see also ECF No. 39 at 3 n.1. Both arguments lack merit.

To begin, neither argument finds purchase in the text of the Speedy Trial Act. The Act excludes the time from the filing of "any pretrial motion . . . through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D)   (emphasis   added).   Further,   this   delay   is "automatically excludable" under the Act: a court need not inquire into the distinction between defense counsel and defendant or the defendant's consent for this period to be excluded from the speedy

---

[16] For the same reasons, Pair argues that September 18 through September 22 should not be excluded. For the reasons stated below, September   18   through   September   22   is   excluded   under § 3161(h)(1)(D),   in   addition   to   the   Court's   ends-of-justice continuance granted in its July 2 order under § 3161(h)(7).

trial calculation. See Bloate v. United States, 559 U.S. 196, 203 (2010). The Act also excludes "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). Although the Act distinguishes between a motion of the defendant and a motion of defense counsel, it is a distinction without a difference: a court can grant an ends-of-justice continuance based on either (or neither). Moreover, consent of the defendant is not listed among the various factors that a court should consider when granting an ends-of-justice continuance. See 18 U.S.C. § 3161(h)(7)(B).

In addition, Pair has provided no basis for the Court to vary from the general principle that defense counsel acts on the defendant's behalf when seeking or agreeing to trial delays. This principle emerges from the Supreme Court's decisions in two contexts also involving a defendant's right to a speedy trial. In the context of the Sixth Amendment right to a speedy trial,[17] the Supreme Court has held that "delays sought by counsel are

---

[17] The Supreme Court's holding in this context is particularly relevant because the purpose of the Speedy Trial Act is "to give effect to the sixth amendment right." MacDonald, 456 U.S. at 7 n.7 (quoting S. Rep. No. 93-1021, at 1 (1974)).

28

ordinarily attributable to the defendants they represent."[18] Vermont v. Brillon, 556 U.S. 81, 85 (2009). In this instance, the Court reasoned that attorneys act as their clients' agents. Id. at 82. And in the context of the Interstate Agreement on Detainers, which (like the Speedy Trial Act) establishes a statutory right to a speedy trial, the Supreme Court has held that defense counsel can agree without the defendant's consent to waive the defendant's right to a speedy trial.[19] New York v. Hill, 528 U.S. 110, 114-15 (2000). The Court reasoned that delaying trial falls under defense counsel's "full authority to manage the conduct of the trial" because "only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case." Id. (quoting Taylor v. Illinois, 484 U.S. 400, 417-18 (1988)).

In the context of the Speedy Trial Act, several courts of appeals have rejected arguments similar to Pair's. See United States v. Gates, 709 F.3d 58, 66 (1st Cir. 2013) ("[I]n the ordinary course and within the confines of the STA exclusion provisions, defense counsel has the power to seek an STA

---

[18] The Court noted that "[d]elay resulting from a systemic 'breakdown in the public defender system" would be an exception to this general rule. Id. No such breakdown is at issue here.

[19] Although a defendant's right to a speedy trial under the Speedy Trial Act cannot be prospectively waived, Zedner, 547 U.S. at 500, a motion for an ends-of-justice continuance has the same practical effect as a waiver (delaying trial).

continuance without first informing his client or obtaining his client's personal consent."); United States v. Lynch, 726 F.3d 346, 356 (2d Cir. 2013) ("[A] district court may grant a continuance sought by counsel without the consent of the defendant so long as the district court determines that the ends of justice would be served . . . and sets forth its reasons on the record."); United States v. Stewart, 628 F.3d 246, 254 (6th Cir. 2010) ("[T]he Speedy Trial Act 'does not require a defendant's consent to the continuance' in order for a judge to be able to grant a motion in furtherance of the ends of justice." (quoting United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009))); United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) ("[The defendant's] opposition to his counsel's request for a continuance does not prevent that time from being excluded from the speedy trial calculation."); United States v. Daychild, 357 F.3d 1082, 1094 (9th Cir. 2004) (rejecting the argument that because defense counsel requested continuances without the defendant's knowledge or consent and after the defendant expressed to the court his desire for a speedy trial the delay resulting from these pretrial motions was not excludable under 18 U.S.C. § 3161(h)(1)(D));[20] cf. United States

---

[20] The Ninth Circuit's decision refers to § 3161(h)(1)(F); a 2008 amendment to the Speedy Trial Act redesignated § 3161(h)(1)(F) as § 3161(h)(1)(D). See Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406 § 13, 122 Stat. 4291, 4294.

v. Fields, 39 F.3d 439, 443 (3d Cir. 1994) (calling "disturbing" the argument that a defendant's speedy trial rights could be violated by continuances granted on defense counsel's motion). In an unpublished opinion, the Fourth Circuit likewise held that a court could presume that defense counsel spoke for a defendant in requesting a continuance, even over the defendant's objections. United States v. Bryant, No. 96-4359, 1998 U.S. App. LEXIS 1408, at *8-*9 (4th Cir. Feb. 2, 1998), *abrogated on other grounds*, Zedner v. United States, 547 U.S. 489 (2006). The Fourth Circuit reasoned that it would not permit defendants to "sandbag" the court by picking and choosing when defense counsel represented them. Id. at *9-*10.

Although the Court understands that Pair would have preferred to proceed with the September trial date, his counsel acted on his behalf and did not need his consent to move for a continuance. Pair does not challenge either his counsel's basis for the continuance, see United States v. Eccleston, 615 F. App'x 776, 777 (4th Cir. 2015) ("Unavoidable health concerns are a valid reason for granting a reasonable delay."), or the Court's finding that continuing the trial date to December 7 was necessary to allow new counsel adequate time to prepare. Thus, the period from September 24 to October 20 is properly excluded under § 3161(h)(7).

**e. October 21 through the present is excluded under § 3161(h)(1)(D) and § 3161(h)(1)(H).**

Finally, Pair concedes that the MOTION excludes at least the period from October 21 through the present.[21] ECF No. 66 at 6. Pair filed the MOTION on October 21. The Court held a hearing on the MOTION on December 9 and ordered further briefing, which concluded on January 11, 2021. This period is excluded under § 3161(h)(1)(D). Now that the post-trial briefing has concluded, § 3161(h)(1)(H) excludes up to an additional 30 days (through February 10) from Pair's speedy trial calculation while the Court decides the MOTION.[22]

In conclusion, the Court finds that the Speedy Trial Act excludes February 5, March 16 through September 22, and September 24 through the present from Pair's speedy trial calculation. Thus, Pair has accumulated at most 44 speedy trials days since February

---

[21] Pair initially raised the alleged violations of his speedy trial rights in a letter mailed to the Court on October 2 and received by the Court on October 5. The parties disagree about whether this letter should also be considered a pretrial motion that creates a period of delay under § 3161(h)(1)(D). Because the Court's September 24 order continuing Pair's trial to December 7 provides an alternative basis to exclude the period from October 5 through October 20 from the speedy trial calculation, it is not necessary to resolve whether the letter should be considered a pretrial motion.

[22] Beyond February 10, the Court's order continuing Pair's trial from January 19 to March 8 excludes the period from January 19 through March 8. ECF No. 77. The order explicitly incorporated General Order 2021-01's speedy trial findings in the record of this case and made appropriate ends-of-justice findings under § 3161(h)(7)(A). Id.

1, 2020,[23] and his speedy trial rights under the Act have not been violated.

## CONCLUSION

For the reasons stated above, DEFENDANT'S MOTION TO DISMISS INDICTMENTS FOR VIOLATIONS OF DEFENDANT'S SPEEDY TRIAL (ECF No. 39) will be denied as to the alleged violation of the Speedy Trial Act. The Sixth Amendment issue will be addressed in a forthcoming Memorandum Opinion.

It is so ORDERED.

/s/ _REP_
_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January **27**, 2021

---

[23] The Court assumes without deciding that the Act does not provide a basis to exclude September 23 from Pair's speedy trial calculation. Although the Court has rejected Pair's only objections to excluding this day (that counsel did not file the motion to continue on his behalf and did not have his consent) and Pair bears the burden of proving violations of the Speedy Trial Act, the Court nevertheless notes that the order grants an open-ended continuance, and the Fourth Circuit has never ruled on the issue of whether the Act permits open-ended ends-of-justice continuances. Because neither party briefed this issue and because a single day is not dispositive of Pair's claim, the Court reserves decision on this issue and assumes without deciding that September 23 is not excludable.